FRANCES BOUGHTON *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 148993
AT BRIDGEPORT

Memorandum filed September 24, 1974

*Ronald J. Habansky,* of Bridgeport, for the plaintiff.

*Robert K. Killian,* attorney general, and *Robert W. Murphy,* assistant attorney general, for the named defendant.

*David O. Chittick,* of Monroe, for the defendant Monroe Board of Education.

MULVEY, J. The plaintiff has appealed from a decision of the unemployment commissioner for the fourth district, affirming a decision of the administrator which denied her benefits under the Unemployment Compensation Act.

This is the second time that this matter has been before this court. On the original appeal, the matter was remanded to the commissioner "for clarification of his decision and finding and, in his discretion, to receive further evidence and to modify or change his award in the light of the clarification mentioned, if he believes this should be done." The commissioner did hear further evidence and filed a new finding and award in which he again denied benefits to the plaintiff.

The commissioner has specifically found that the plaintiff, "during the period of time in question, was able and available for full-time work and was making a reasonable effort to find full-time work."

The commissioner based his decision to deny benefits to the plaintiff on the legal conclusion that the plaintiff was ineligible to receive benefits by virtue of the language of General Statutes § 31-236 (11).

The plaintiff was employed as a "media aide" by the board of education of the town of Monroe. Her normal duties were to run the school library. She

did not work in classrooms. She was responsible not to a classroom teacher but to the school principal, who is a teacher acting as an administrator. The plaintiff, as part of her normal duties of running the library, taught students in the library concerning the use of the Dewey decimal system. She also read to various class groups assembled in the library.

The town of Monroe classifies all "aides" under one general classification as "classroom aides" for budgetary purposes, but this general classification, by virtue of duty assignments, gets broken down into various subclassifications such as teacher aide, media aide, etc. The school library is a learning center and is a classroom as much as any other room within the school complex. The plaintiff's duties as a "media aide" can also be entitled "classroom aide" duties.

Section 31-236 (11) provides, as pertinent to this case, as follows: "An individual shall be ineligible for benefits . . . (11) if, being a cafeteria worker, *classroom aide,* kindergarten aide, school cafeteria worker or school crossing guard, employed by or working for a board of education or employed by or working for a nonprofit private elementary or secondary school . . . , such person is unemployed during a school vacation period, holiday or holiday recess and will resume such employment at the conclusion of such period, holiday or recess." (Italics supplied.)

The plaintiff's last date of employment was June 30, 1972, and the weeks in question are the week ending July 8, 1972, through the week ending September 2, 1972, and a part of the week ending September 9, 1972.

On an appeal from the action of an administrative officer, such as an unemployment commissioner, the

court does not try the matter de novo. The function of the court is not to adjudicate facts, nor may it substitute its own conclusions for those of the commissioner. The court may go no further than to determine whether the commissioner acted unreasonably, arbitrarily or illegally. *Bartlett* v. *Administrator,* 142 Conn. 497, 505.

The court is bound by findings of subordinate facts and reasonable conclusions of fact made by the commissioner. *Carper* v. *Administrator,* 139 Conn. 515, 520.

The commissioner has concluded from the evidence produced before him that a "media aide" was a "classroom aide." There are subordinate findings of fact which reasonably support that conclusion.

The court has examined a transcript of the legislative proceedings which took place prior to the enactment of § 31-236 (11). There is nothing in those proceedings which has a bearing on the issue in this appeal, which is whether the plaintiff was, in fact, a "classroom aide."

It is true that the Unemployment Compensation Act is remedial legislation and should receive a reasonably liberal interpretation. *Anthony* v. *Administrator,* 158 Conn. 556, 561. But in the instant matter it is not the statute that is being interpreted. The only question is whether the plaintiff comes within one of the classes of persons declared to be ineligible for benefits under the act by the legislature. We cannot find that the commissioner acted illegally, arbitrarily or unreasonably in finding that she does.

The appeal is dismissed.